IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER ZYDA, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>FOUR SEASONS HOTELS AND RESORTS FOUR SEASONS HOLDINGS INC.; FOUR SEASONS HUALALAI RESORT; HUALALAI RESIDENTIAL, LLC (dba HUALALAI REALTY); HUALALAI INVESTORS, LLC; KAUPULEHU MAKAI VENTURE; HUALALAI DEVELOPMENT COMPANY; HUALALAI VILLAS & HOMES; HUALALAI INVESTORS, LLC; HUALALAI RENTAL MANAGEMENT, LLC; and DOES 1-100,<br><br>      Defendants. | CIVIL 16-00591 LEK |

**ORDER DENYING PLAINTIFFS' MOTION FOR
<u>RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION FOR REMAND</u>**

On March 28, 2017, this Court issued its Order Denying Plaintiffs' Motion for Remand ("3/28/17 Order" and "Motion for Remand"). [Dkt. nos. 11 (Motion for Remand), 36 (3/28/17 Order).[1]] Before the Court is Plaintiff Christopher Zyda's, on behalf of himself and all others similarly situated ("Zyda" and collectively "Plaintiffs"), motion for reconsideration of the 3/28/17 Order ("Motion for Reconsideration"), filed on April 11, 2017. [Dkt. no. 42.] Defendants Four Seasons Hotels Ltd., Four

---

[1] The 3/28/17 Order is also available at 2017 WL 1157844.

Seasons Holdings, Inc., Hualalai Investors, LLC, Hualalai Residential, LLC, and Hualalai Rental Management, LLC (collectively "Four Seasons" or "Defendants") filed their memorandum in opposition on April 25, 2017, and Plaintiffs filed their reply on May 9, 2017. [Dkt. nos. 45, 51.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiffs' Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The relevant background is set forth in the 3/28/17 Order, and this Court will only repeat the background that is relevant to the instant motion.

On November 1, 2016, Defendants filed their Notice of Removal of Action Pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b) ("Notice of Removal"), removing the instant case from the State of Hawai`i Circuit Court of the Third Circuit to this district court. Plaintiffs filed their Motion for Remand on November 14, 2016, arguing that Defendants did not timely file the Notice of Removal. In the 3/28/17 Order, this Court concluded that the Notice of Removal was timely because it was filed within thirty days of Four Seasons' ability to ascertain that the amount in controversy exceeded the Class Action Fairness

Act's ("CAFA") five-million-dollar requirement.  2017 WL 1157844, at *8.

In the Motion for Reconsideration, Plaintiffs argue that this Court erred in denying Plaintiffs' Motion for Remand because Defendants were aware that the amount in controversy was over five million dollars in light of Plaintiffs' demand for rescission in their October 14, 2015 amended complaint;[2] and Defendants knew the value of the properties that would be subject to rescission exceeded five million dollars.  Plaintiffs argue that, because Defendants were aware of the demand for rescission on October 14, 2015, the thirty-day removal period lapsed under 28 U.S.C. § 1446(b)(3) before Defendants filed their Notice of Removal on November 1, 2016.  Plaintiffs therefore contend that removal was improper.

**STANDARD**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D.

---

[2] Plaintiffs filed their First Amended Class Action Complaint for Damages Declaratory and Injunctive Relief ("Amended Complaint") in state court.  [Notice of Removal, Decl. of William Meheula, Exh. 2 (Amended Complaint).]

3

>     Hawai`i June 2, 2014) (citation and internal
>     quotation marks omitted). . . . "Mere
>     disagreement with a previous order is an
>     insufficient basis for reconsideration." <u>Davis</u>,
>     2014 WL 2468348, at *3 n.4 (citations and internal
>     quotation marks omitted).

<u>Riley v. Nat'l Ass'n of Marine Surveyors, Inc.</u>, Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).  Local Rule 60.1 states, in relevant part:

> Motions for reconsideration of interlocutory
> orders may be brought only upon the following
> grounds:
>
>     (a)  Discovery of new material facts not
> previously available;
>
>     (b)  Intervening change in law;
>
>     (c)  Manifest error of law or fact.

**DISCUSSION**

In the instant Motion for Reconsideration, Plaintiffs argue that this Court should reconsider the 3/28/17 Order and grant the Motion to Remand under Local Rule 60.1(c).  For the first time, Plaintiffs argue that Robert Kildow, Esq.'s deposition testimony indicates that Mr. Kildow – Four Seasons' in-house counsel and real estate broker – was aware of the value of the properties, and therefore Four Seasons knew the amount in controversy met the jurisdictional requirement.[3]  However, although Plaintiffs were aware of Mr. Kildow's testimony when

---

[3] An excerpt of the transcript of Mr. Kildow's October 5, 2016 deposition is attached to the Motion for Reconsideration as Exhibit 1 to the Declaration of Counsel.

4

they filed the Motion for Remand, the Motion for Remand neither raised this argument nor included the portions of Mr. Kildow's deposition transcript that they cite in the Motion for Reconsideration.[4]  This district court has stated: "A reconsideration motion **may not be used to raise arguments or present evidence for the first time** when they could reasonably have been raised earlier in the litigation."  Barnes v. Sea Haw. Rafting, LLC., 16 F. Supp. 3d 1171, 1183-84 (D. Hawai`i 2014) (emphasis added) (citing Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); White v. Sabatino, 424 F. Supp. 2d 1271, 1276–77 (D. Hawai`i 2006)).

Plaintiffs do not present newly available evidence. Rather, Plaintiffs merely raise arguments and evidence that they could have raised in their Motion for Remand.

Further, the argument that Plaintiffs raise in the Motion for Reconsideration is similar to the arguments in their Motion for Remand.  This Court acknowledged and took into account Plaintiffs' demand for rescission in the 3/28/17 Order, and this Court determined that, even in light of the demand for rescission, Plaintiffs did not provide adequate notice for Defendants to determine that the amount in controversy exceeded five million dollars.  2017 WL 1157844, at *3-4.

---

[4] In fact, Plaintiffs attached other portions of Mr. Kildow's deposition testimony to their Motion for Remand. [Motion for Remand, Decl. of Counsel, Exh. 10.]

Plaintiffs' Motion for Reconsideration merely disagrees with the analysis in the 3/28/17 Order of the effect of the demand for rescission, and Plaintiffs' disagreement with this Court's analysis is not grounds for reconsideration of the order. See Davis, 2014 WL 2468348, at *3 n.4. Plaintiffs have not presented any ground that warrants reconsideration of the 3/28/17 Order.[5]

**CONCLUSION**

On the basis of the foregoing, Zyda's Motion for Reconsideration of the March 28, 2017 Order Denying Plaintiffs' Motion for Remand, filed on April 11, 2017, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER ZYDA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED VS. FOUR SEASONS HOTELS AND RESORTS, ET AL; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION FOR REMAND**

---

[5] In light of this Court's ruling, it does not reach Defendants' argument that a plaintiff's demand for rescission does not provide notice that the amount in controversy meets the jurisdictional requirement because rescission damages are measured in a variety of ways.