UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER ZYDA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>           Plaintiffs,<br><br>  vs.<br><br>FOUR SEASONS HOTELS AND RESORTS, FOUR SEASONS HOLDINGS, INC., FOUR SEASONS HUALALAI RESORT, HUALALAI RESIDENTIAL, LLC, (DBA HUALALAI REALTY); HUALALAI INVESTORS, LLC, KAUPULEHU MAKAI VENTURE, HUALALAI DEVELOPMENT COMPANY, HUALALAI VILLAS & HOMES, HUALALAI INVESTORS, LLC, HUALALAI RENTAL MANAGEMENT, LLC, DOES 1-100,<br><br>           Defendants. | CIV. NO. 16-00591 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT AS TO FIRST CLAIM FOR RELIEF (CONDOMINIUM PROPERTY ACT) IN CLASS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF FILED APRIL 30, 2018**

On October 18, 2018, Defendants Four Seasons Hotels Ltd., Four Seasons Holdings, Inc., Hualalai Investors, LLC, Hualalai Residential LLC, and Hualalai Rental Management, LLC ("Defendants"), filed their Motion to Dismiss and for Partial Summary Judgment as to First Claim for Relief (Condominium Property Act) in Class Plaintiffs' Second Amended Class Action Complaint for Damages, Declaratory, and Injunctive Relief Filed

April 30, 2018 ("Motion").  [Dkt. no. 118.]  Plaintiffs Christopher Zyda ("Zyda") and Carol Meyer ("Meyer" and collectively "Plaintiffs"), on behalf of themselves and all others similarly situated (all collectively "Class"), filed their memorandum in opposition on November 1, 2018, and Defendants filed their reply on December 3, 2018.  [Dkt. nos. 125, 131.]  Intervenors Bradley Chipps, Donna Chipps, J. Orin Edson, David Keyes, Doreen Keyes, Ann Marie Mahoney, James R. Mahoney, Kevin Reedy, H. Jon Runstad, Judith Runstad, Jonathan Seybold, Patricia Seybold, and Julie Wrigley filed a statement of no opposition to the Motion on November 26, 2018.  [Dkt. no. 127.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  On February 15, 2019, this Court issued an entering order ruling on the Motion.  [Dkt. no. 144.]  The instant Order supersedes that entering order. For the reasons set forth below, Defendants' Motion is denied as to their request to dismiss Count I and granted insofar as Defendants are granted summary judgment as to Count I.  Further, in light of this Court's ruling, the Class is hereby decertified as to Count I.

**BACKGROUND**

The instant case arises from the fees and charges for unaccompanied guests that were announced at the Hualalai Resort ("Resort") in 2015. The operative pleading in this case is Plaintiffs' Second Amended Class Action Complaint for Damages, Declaratory, and Injunctive Relief ("Second Amended Complaint"), filed on April 30, 2018. [Dkt. no. 89.] Zyda filed the first two versions of the complaint in state court, and the state court certified the Class. [Notice of Removal of Action Pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b) ("Notice of Removal"), filed 11/1/16 (dkt. no. 1), Decl. of William Meheula, Exh. 1 (complaint filed on 10/2/15), Exh. 2 (amended complaint filed on 10/14/16), Exh. 3 (order granting class certification filed on 10/13/16).] Defendants removed the case based on diversity jurisdiction, pursuant to the Class Action Fairness Act. [Notice of Removal at ¶ 16.]

The Second Amended Complaint alleges the following claims: violation of the Condominium Property Act, Haw. Rev. Stat. Chapter 514B ("Count I"); violation of the Uniform Land Sales Practices Act, Haw. Rev. Stat. Chapter 484 ("ULSPA" and "Count II"); unfair methods of competition and unfair or deceptive acts or practices, in violation of Haw. Rev. Stat. § 480-2 ("Count III"); promissory estoppel/detrimental reliance ("Count IV"); violation of the duty of good faith and fair

dealing ("Count V"); negligent misrepresentation ("Count VI"); estoppel ("Count VII"); unjust enrichment ("Count VIII"); organized crime, pursuant to Haw. Rev. Stat. Chapter 842 ("Count IX"); and breach of fiduciary and other common law duties ("Count X"). Counts II, IX, and X have been dismissed. [Order granting Defs.' motion to dismiss, filed 9/27/18 (dkt. no. 109) ("9/27/18 Order"), at 22.[1]] Only Count I is at issue in the instant Motion.

Meyer purchased a condominium in the Resort on July 22, 2013.[2] [Defs.' Concise Statement of Facts in Supp. of Motion, filed 10/18/18 (dkt. no. 119), at ¶ 1; Pltfs.' Separate and Concise Statement of Facts in Opp. to Motion, filed 11/26/18 (dkt. no. 129), at ¶ 1 (stating Defs.' ¶ 1 is not disputed).] Count I alleges Defendants made "material misstatements of fact

---

[1] The 9/27/18 Order is also available at 2018 WL 4656391. The 9/27/18 Order granted Defendants' May 14, 2018 Motion to Dismiss Organized Crime, Uniform Land Sales Practices Act, and Breach of Fiduciary Duty Counts in Class Plaintiffs' Second Amended Class Action Complaint for Damages, Declaratory, and Injunctive Relief, Filed April 30, 2018 ("Motion to Dismiss"). [Dkt. no. 90.] Plaintiffs were granted leave to amend to cure the defects identified in the 9/27/18 Order, 2018 WL 4656391, at *8, but Plaintiffs chose not to file a third amended complaint.

[2] Zyda does not own a condominium in the Resort and was dismissed as the Class representative as to Count I. See Order Denying Defs.' Motion to Decertify Class Action, filed 3/28/18 (dkt. no. 79) ("3/28/18 Order"), at 26, available at 2018 WL 1528159.

4

and statements made in bad faith on which Plaintiff Meyer relied when purchasing" her condominium. [Second Amended Complaint at ¶ 28.] The primary misrepresentation that Plaintiffs base all of their claims upon is the alleged promise that the Class members, their families, and their guests (including renters) would be able to enjoy the Resort's facilities without paying additional fees. [Id. at ¶ 10.] Count I seeks the remedies provided under Chapter 514B, which Plaintiffs emphasize "must be liberally administered to the end that the aggrieved parties are put in as good a position as if the other party had fully performed." [Id. at ¶ 29.]

In the instant Motion, Defendants seek dismissal of, or summary judgment as to, Count I because Meyer's Chapter 514B claim is barred by the two-year statute of repose.

**DISCUSSION**

I. **Request for Dismissal**

The Motion seeks both dismissal and summary judgment as to Count I. At this stage of the case, the Court concludes that the issues presented in the Motion should be addressed under the summary judgment standard, rather than the dismissal standard. In addition, this Court has considered materials beyond the pleadings. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing

the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." (citation omitted)), *cert. petition docketed*, No. 18-1010 (Feb. 4, 2019). Therefore, the Motion is denied to the extent it seeks dismissal of Count I.

**II. Haw. Rev. Stat. § 514B-94(b)**

The United States Supreme Court has stated:

> [A] statute of limitations creates "a time limit for suing in a civil case, based on the date when the claim accrued." Black's Law Dictionary 1546 (9th ed. 2009) (Black's). Measured by this standard, a claim accrues in a personal-injury or property-damage action "when the injury occurred or was discovered." Black's 1546. . . .
>
> A statute of repose, on the other hand, puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant. A statute of repose "bar[s] any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury." Black's 1546. The statute of repose limit is "not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered." 54 C.J.S., Limitations of Actions § 7, p. 24 (2010) (hereinafter C.J.S.). The repose provision is therefore equivalent to "a cutoff," Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991), in essence an "absolute . . . bar" on a defendant's temporal liability, C.J.S. § 7, at 24.[3]

---

[3] Lampf has been superseded by statute on other grounds. See Merck & Co. v. Reynolds, 559 U.S. 633, 646 (2010) (discussing Lampf and 28 U.S.C. § 1658(b)(1)).

(. . . continued)

CTS Corp. v. Waldburger, 573 U.S. 1, 7-8 (2014) (some alterations in CTS) (some citations omitted).[4] This Court has stated that, "under Hawai`i law, as under federal law, the primary characteristic of a statute of repose is that it sets an outer time limit that is an absolute bar to a claim, regardless of whether the claim has accrued." Mamea v. United States, Civil No. 08-00563 LEK-RLP, 2011 WL 4371712, at *8 (D. Hawai`i Sept. 16, 2011) (comparing Hays v. City & Cnty. of Honolulu, 81 Hawai`i 391, 393, 917 P.2d 718, 720 (1996); Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 537 (9th Cir. 2011)).

Section 514B-94 states, in relevant part:

(a) No person may:

    (1) Knowingly authorize, direct, or aid in the publication, advertisement, distribution, or circulation of any false statement or representation concerning any project offered for sale or lease; or

    (2) Issue, circulate, publish, or distribute any advertisement, pamphlet, prospectus, or letter concerning a project that contains any false written statement or is misleading due to the omission of a material fact.

(b) Every sale made in violation of this section shall be voidable at the election of the purchaser; and the person making the sale and

---

[4] CTS has been superseded by statute on other grounds. See In re Dow Corning Corp., 778 F.3d 545, 553 n.2 (6th Cir. 2015) (noting that 2014 N.C. Sess. Laws 2014-44, § 1 rejected the interpretation of N.C. Stat. § 1-52(16) in CTS).

>           every director, officer, or agent of or for the
>           seller, if the director, officer, or agent has
>           personally participated or aided in any way in
>           making the sale, shall be jointly and severally
>           liable to the purchaser in an action in any court
>           of competent jurisdiction upon tender of the
>           units sold or of the contract made, for the full
>           amount paid by the purchaser, with interest,
>           together with all taxable court costs and
>           reasonable attorneys' fees; provided that **no
>           action shall be brought for the recovery of the
>           purchase price after two years from the date of
>           the sale** . . . .

(Emphasis added.)

The Hawai`i appellate courts have not addressed whether the two-year period in § 514B-94(b) is a statute of limitations or a statue of repose. In the absence of controlling case law from the Hawai`i Supreme Court, this Court must predict how the supreme court would decide the issue, using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. See Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011).

The Hawai`i Supreme Court has recognized that Haw. Rev. Stat. § 657-8(a) contains a ten-year statute of repose, as does Haw. Rev. Stat. § 657-5. See Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Directors v. Venture 15, Inc., 115 Hawai`i 232, 282, 167 P.3d 225, 275 (2007); Int'l Sav. & Loan Ass'n, Ltd. v. Wiig, 82 Hawai`i 197, 199, 921 P.2d 117, 119 (1996). Section 657-8(a) states:

> No action to recover damages for any injury to
> property, real or personal, or for bodily injury
> or wrongful death, arising out of any deficiency
> or neglect in the planning, design, construction,
> supervision and administering of construction,
> and observation of construction relating to an
> improvement to real property shall be commenced
> more than two years after the cause of action has
> accrued, but **in any event not more than ten years
> after the date of completion of the improvement**.

(Emphasis added.)  Section 657-5 states, in pertinent part:

> Unless an extension is granted, every judgment
> and decree of any court of the State shall be
> presumed to be paid and discharged at the
> expiration of ten years after the judgment or
> decree was rendered.  **No action shall be
> commenced after the expiration of ten years from
> the date a judgment or decree was rendered or
> extended.** . . .

(Emphasis added.)

The Hawai`i Intermediate Court of Appeals has recognized that Haw. Rev. Stat. § 657-7.3 contains a six-year statute of repose.  Estate of Baba v. Kadooka, No. CAAP-12-0000420, 2013 WL 5676083, at *3 (Hawai`i Ct. App. Oct. 18, 2013); see also Mamea, 2011 WL 4371712, at *8-9 (stating "this Court could reasonably conclude that the six-year limitation period in § 657-7.3 is a statute of repose based on the Hawai`i Supreme Court's description in" Yamaguchi v. Queen's Medical Center, 65 Haw. 84, 89, 648 P.2d 689, 692-93 (1982)).[5]

---

[5] In Mamea, this Court stated:

(. . . continued)

Section 657-7.3 addresses medical torts and states, in pertinent part:

> No action for injury or death . . . shall be brought more than two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, but **in any event not more than six years after the date of the alleged act or omission causing the injury or death**. This six-year time limitation shall be tolled for any period during which the person has failed to disclose any act, error, or omission upon which the action is based and which is known to the person.[6]

> Although Yamaguchi does not use the term "statute of repose", it does state that § 657-7.3
>
>> impose[s] a six-year outer limitation on all suits computed from the date of the alleged act or omission regardless of whether the injury caused thereby had or should have been discovered by that time, which period would be tolled only by the defendant's withholding of information of alleged negligent conduct known or which should have been known to him.
>
> 65 Haw. at 89, 648 P.2d at 692-93. Yamaguchi also states that § 657-7.3 "extinguishes a right of action six years after the date of the injurious act regardless of whether the right of action has accrued." Id. at 92 n.11, 648 P.2d at 694 n.11. The supreme court's discussion of the six-year limitation period in § 657–7.3 indicates that it is a statute of repose.

2011 WL 4371712, at *8 (alteration in Mamea).

[6] Statutes of repose are not subject to **equitable** tolling. CTS, 573 U.S. at 9. The fact that § 657-7.3 contains **statutory** tolling provisions does not preclude a finding that the six-year period is a statute of repose. Mamea, 2011 WL 4371712, at *9.

10

§ 657-7.3(a) (emphasis added).

The language in § 514B-94(b) – "no action shall be brought for the recovery of the purchase price after two years from the date of the sale" – is similar, although not identical, to the language in the recognized statutes of repose. Like §§ 657-5, 657-7.3(a), and 657-8(a), § 514B-94(b) "sets an outer time limit that is an absolute bar to a claim, regardless of whether the claim has accrued." See Mamea, 2011 WL 4371712, at *8. Plaintiffs, however, urge this Court to adopt the interpretation of § 514B-94(b) that has been adopted by a Hawai`i circuit court judge and an arbitrator, both of whom concluded that § 514B-94(b) is a statute of limitations that is subject to the discovery rule. In LoPresti, et al. v. Haseko (Hawaii), Inc., et al., Civ. No. 13-1-195-07 GWBC, a judge in the State of Hawai`i First Circuit Court orally denied the defendants' motion for summary judgment on the plaintiffs' Chapter 514B claim. [Mem. in Opp., Decl. of Terrance M. Revere ("Revere Decl."), Exh. 5 (trans. of 1/21/15 hrg.) at 10.] In his inclinations, the circuit judge stated:

> If the court were to apply the 2-year statute of limitation in section 514B-94 literally, that would result in an undue hardship upon plaintiffs. It would leave plaintiffs with only one month for the Loprestis and two months for the Tylers – Mr. Tyler to, number one, realize that they may have a right to sue Haseko; number two, find and hire a lawyer; number three, have the lawyer conduct their [Haw. R. Civ.

11

> P.] 11 investigation and to draft and file the
> complaint. That is patently unfair under such
> short time limitations.
>
> Under these circumstances, equity must
> intervene and apply a discovery rule to enable
> plaintiffs to have 2 years after Haseko announces
> its intent to change the marina into a lagoon
> within which to file an action.
>
> HRS section 514B-10(a) provides that the
> remedies provided by chapter 514B shall be
> liberally administered. That mandate requires
> the court to apply the discovery rule to this
> case.
>
> Therefore, the court is inclined to deny the
> motion for summary judgment as to the Loprestis
> and Mr. Tyler based on the applicable statute of
> limitation and the application of the discovery
> rule.

[Id. at 6-7.] The circuit judge's ultimate ruling was consistent with his inclination. [Id. at 10.] The arbitrator's award in Johnson, et al. v. Kauai Lagoons LLC, et al., DPR No. 16-0461-A (Dispute Prevention & Resolution, Inc., Hawai`i), included similar reasoning. [Revere Decl., Exh. 6 (Partial Final Award of Arbitrator, dated 10/16/17, in Johnson) at 4-5.] However, neither LoPresti nor Johnson are binding in this case.

This Court "may look to state trial court decisions as persuasive authority, but those decisions are not binding on the federal court." See Galima v. Ass'n of Apartment Owners of Palm Court ex rel. its Bd. of Dirs., CIVIL 16-00023 LEK-KSC, 2017 WL 1240181, at *6 (D. Hawai`i Mar. 30, 2017) (internal quotation marks, brackets, and some citations omitted) (citing Spinner

12

Corp. v. Princeville Dev. Corp., 849 F.2d 388, 390 (9th Cir. 1988); King v. Order of United Commercial Travelers of America, 333 U.S. 153, 161, 68 S. Ct. 488, 92 L. Ed. 608 (1948)). Further, "it is a basic ten[e]t of American jurisprudence that arbitration awards have no precedential value." Cal. v. Iipay Nation of Santa Ysabel, CASE NO. 3:14-cv-02724-AJB-NLS, 2016 WL 10650810, at *12 (S.D. Cal. Dec. 12, 2016) (internal quotation marks and some citations omitted) (citing Smith v. Kerrville Bus. Co., 709 F.2d 914, 918 n.2 (5th Cir. 1983); Gonce v. Veterans Admin., 872 F.2d 995, 998 (Fed. Cir. 1989)), *aff'd*, 898 F.3d 960 (9th Cir. 2018). To the extent this Court could consider LoPresti and Johnson as persuasive authority, this Court declines to do so because it respectfully disagrees with the analysis in those cases.

First, LoPresti and Johnson are contrary to the plain language of § 514B-94(b), which states the limitations period begins to run "from the date of the sale" of the condominium, which precludes an interpretation that the period runs from the date the plaintiff discovers, or should have discovered, her claim. See generally Thomas v. Kidani, 126 Hawai`i 125, 132, 267 P.3d 1230, 1237 (2011) (describing Hawaii's discovery rule). LoPresti and Johnson each relies on the Hawai`i legislature's mandate that the remedies in Chapter 514B "be liberally administered to the end that the aggrieved party is put in as

13

good a position as if the other party had fully performed." See Haw. Rev. Stat. § 514B-10(a). However, while § 514B-10(a) requires that the **remedies** specified in Chapter 514B be "liberally administered," neither that provision nor any case law interpreting it requires that Chapter 514B be interpreted liberally to create remedies that are not specified within the chapter's provisions. Cf. DeRosa v. Ass'n of Apartment Owners of the Golf Villas, 185 F. Supp. 3d 1247, 1253 (D. Hawai`i 2016) (predicting that the Hawai`i Supreme Court would hold that Haw. Rev. Stat. §§ 514B-9 and 514B-10 do not create a cause of action for selective enforcement of a condominium's governing documents).

LoPresti also relied upon the harsh effect that § 514B-94(b) would have if it was construed as a statute of repose, particularly because the limitations period is only two years. However, a potentially harsh effect exists with any statute of repose. "Statutes of repose effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'" CTS, 573 U.S. at 9 (some citations omitted) (quoting C.J.S. § 7, at 24). The United States Supreme Court recognized a statute of repose can expire without "the injury . . . hav[ing] occurred, much less hav[ing] been discovered." Id. at 8 (citation and internal quotation marks omitted). Further, in considering whether the

short limitation period precludes § 514B-94(b) from being a statute of repose, this Court must also consider the fact that the remedy allowed by § 514B-94(b) is the drastic remedy of rescission. See, e.g., Wilkins v. Wells Fargo Bank, N.A., Civil No. 2:15CV566, 2016 WL 6775692, at *6 (E.D. Va. Nov. 15, 2016) (referring to rescission as a "drastic remedy"); Frey v. Grumbine's RV, Civil No. 1:10-CV-1457, 2010 WL 4718750, at *17 (M.D. Pa. Nov. 15, 2010) (same); Times Mirror Magazines, Inc. v. Field & Stream Licenses Co., 103 F. Supp. 2d 711, 728 (S.D.N.Y. 2000) (same), aff'd, 294 F.3d 383 (2d Cir. 2002).

Finally, this Court notes that a plaintiff's inability to obtain remedies under Chapter 514B because of the statute of repose does not prevent her from obtaining contractual remedies, common law remedies, or remedies provided by other statutes. See, e.g., Haw. Rev. Stat. § 514B-87(e) ("This section [– titled 'Rescission after sales contract becomes binding' –] shall not preclude a purchaser from exercising any rescission rights pursuant to a contract for the sale of a unit or any applicable common law remedies."). Even if Meyer's Chapter 514B claim is barred by the statute of repose, her equitable claims, tort claims, and other statutory claims remain in this case.

For the foregoing reasons, this Court predicts that the Hawai`i Supreme Court would hold that the two-year period in § 514B-94(b) is a statute of repose. Because Meyer failed to

15

bring her Chapter 514B claim within two years after the date she purchased her condominium, and because statutes of repose are not subject to equitable tolling, Meyer's claim is time-barred. There are no genuine issues of material fact and Defendants are entitled to summary judgment as to Meyer's claim in Count I. See Fed. R. Civ. P. 56(a).

**III. Decertification**

Because Meyer is the only Class representative for Count I, see supra note 2, the Class is now without a representative for Count I. The deadline to add parties and amend pleadings in this case passed on February 1, 2019. [Rule 16 Scheduling Order, filed 4/11/18 (dkt. no. 84), at ¶ 5.] The Rule 16 Scheduling Order "may be modified . . . for good cause," see Fed. R. Civ. P. 16(b)(4), but this Court's ruling on the instant Motion does not constitute good cause. The instant case has been pending in this district court since November 1, 2016, and adding a new Class representative for Count I at this advanced stage would unduly delay the resolution of the case. See Rule 16 Scheduling Order at ¶ 1 (September 4, 2019 trial date), ¶ 7 (April 3, 2019 dispositive motions deadline). This is well-known to Plaintiffs who have long been aware of the potential timeliness issue regarding Count I. See 9/27/18 Order, 2018 WL 4656391, at *3-4 (discussing statutes of repose and the discovery rule with regard to Plaintiffs' ULSPA claim).

16

In their opposition, Plaintiffs argue the statute of limitations for their ULSPA claim and the statute of limitations for their Chapter 514B claim are both subject to the discovery rule. [Mem. in opp. to Motion to Dismiss, filed 6/4/18 (dkt. no. 96), at 6-7.] This argument shows that, by June 4, 2018, Plaintiffs took the position that § 514B-94(b) was: 1) a statute of limitations instead of a statute of repose; and 2) subject to the discovery rule. Thus, Plaintiffs knew by that time that Meyer's Chapter 514B claim would be timely only if this Court accepted both of those positions. Plaintiffs could have moved for leave to add another Class representative whose Chapter 514B claim would be timely if this Court interpreted § 514B-94(b) as a statute of repose. In June 2018, Plaintiffs' motion for leave would not have required a good cause showing; only the liberal amendment standard would have applied. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Plaintiffs, however, did not seek leave to add another Class representative as to Count I.

Thus, Plaintiffs will not be allowed to identify a new Class representative for Count I because good cause does not exist to amend the Rule 16 Scheduling Order. Without a Class representative for Count I, the claim must be decertified. Cf. Hoffman v. Blattner Energy, Inc., 315 F.R.D. 324, 333 (C.D. Cal. 2016) ("In a complaint involving multiple claims, at least one

named plaintiff must have Article III standing for each asserted claim." (citing In re Carrier IQ, Inc., Consumer Privacy Litig., 78 F. Supp. 3d 1051, 1070 (N.D. Cal. 2015); Newberg on Class Actions § 2:5 (5th ed.))). In light of the summary judgment ruling as to Meyer's Chapter 514B claim in Count I and the decertification of Count I, there are no remaining claims in Count I.

## CONCLUSION

On the basis of the foregoing, Defendants' October 18, 2018 Motion to Dismiss and for Partial Summary Judgment as to First Claim for Relief (Condominium Property Act) in Class Plaintiffs' Second Amended Class Action Complaint for Damages, Declaratory, and Injunctive Relief Filed April 30, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to Defendants' request to dismiss Count I, and the Motion is GRANTED insofar as summary judgment is GRANTED in favor of Defendants as to Meyer's claim in Count I. Further, the Class is HEREBY DECERTIFIED as to Count I. Only Counts III through VIII remain in this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 7, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER ZYDA, ETC., ET AL. VS. FOUR SEASONS HOTELS AND RESORTS, ET AL.; CV 16-00591 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT AS TO FIRST CLAIM FOR RELIEF (CONDOMINIUM PROPERTY ACT) IN CLASS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF FILED APRIL 30, 2018**