UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER ZYDA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>FOUR SEASONS HOTELS AND RESORTS, FOUR SEASONS HOLDINGS, INC., FOUR SEASONS HUALALAI RESORT, HUALALAI RESIDENTIAL, LLC, (DBA HUALALAI REALTY); HUALALAI INVESTORS, LLC, KAUPULEHU MAKAI VENTURE, HUALALAI DEVELOPMENT COMPANY, HUALALAI VILLAS & HOMES, HUALALAI INVESTORS, LLC, HUALALAI RENTAL MANAGEMENT, LLC, DOES 1-100,<br><br>Defendants. | CIV. NO. 16-00591 LEK-RT |

**ORDER DENYING INTERVENORS' MOTION TO REMOVE
CHRISTOPHER ZYDA AS CLASS REPRESENTATIVE, OR
IN THE ALTERNATIVE, TO PROHIBIT MR. ZYDA FROM ENCOURAGING
OTHER CLASS MEMBERS TO PERSONALLY HARASS INTERVENORS**

On February 28, 2019, Intervenors James R. Mahoney, Ann Marie Mahoney, Judith Runstad, H. Jon Runstad, Jonathan Seybold, Patricia Seybold, David Keyes, Doreen Keyes, Julie Wrigley, Kevin Reedy, Lynn Reedy, Bradley Chipps, and J. Orin Edson ("Intervenors") filed their Motion to Remove Christopher Zyda as Class Representative, or in the Alternative, to Prohibit Mr. Zyda from Encouraging Other Class Members to

Personally Harass Intervenors ("Motion").  [Dkt. no. 149.]
Defendants Four Seasons Hotels Ltd.; Four Seasons Holdings,
Inc.; Hualalai Investors, LLC; Hualalai Residential, LLC; and
Hualalai Rental Management, LLC ("Defendants") filed a statement
of no opposition on April 12, 2019.  [Dkt. no. 160.]  Plaintiffs
Christopher Zyda ("Zyda") and Carol Meyer ("Meyer," collectively
"Plaintiffs"), on behalf of themselves and all others similarly
situated (all collectively "Class"), filed their memorandum in
opposition on April 12, 2019, and they filed an errata on
April 13, 2019.  [Dkt. nos. 161, 162.]  Intervenors filed their
reply on April 19, 2019.  [Dkt. no. 163.]  This matter came on
for hearing on May 3, 2019.  Intervenors' Motion is hereby
denied for the reasons set forth below.

**BACKGROUND**

There is a history of various disputes between
Defendants and certain homeowners at the Hualalai Resort
("Resort").  However, the focus of the claims and issues in the
instant case is the Resort's policy change regarding the daily
fees for renters and unaccompanied guests ("Daily Resort Guest
Fees" or "DRGFs") that was announced in 2015 and took effect in
2016.  The operative pleading in this case is Plaintiffs' Second
Amended Class Action Complaint for Damages, Declaratory, and
Injunctive Relief ("Second Amended Complaint"), filed on
April 30, 2018.  [Dkt. no. 89.]

Zyda filed the first two versions of the complaint in state court, and the state court certified the Class. [Notice of Removal of Action Pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b) ("Notice of Removal"), filed 11/1/16 (dkt. no. 1), Decl. of William Meheula, Exh. 1 (complaint filed on 10/2/15), Exh. 2 (amended complaint filed on 10/14/16), Exh. 3 (order granting class certification filed on 10/13/16).] Defendants removed the case based on diversity jurisdiction, pursuant to the Class Action Fairness Act. [Notice of Removal at ¶ 16.]

Intervenors are Resort homeowners and members of the Hualalai Club ("Club"), *i.e.*, they are members of the Class. However, they support the DRGFs that Plaintiffs are challenging in this action. See Amended Motion to Intervene, filed 4/3/17 (dkt. no. 37); Order Granting *Amended Motion to Intervene*, filed 8/4/17 (dkt. no. 65); Intervenors' Answer to *Second Amended Class Action Complaint for Damages, Declaratory, and Injunctive Relief*, filed 5/14/18 (dkt. no. 92). In the instant Motion, Intervenors ask this Court to remove Zyda as a Class representative or, in the alternative, to issue an order requiring Zyda to 1) stop sending "e-mails to his hui inviting

them to personally approach intervenors"; and 2) retract the February 21, 2019 email he sent to his "hui".[1]  [Motion at 2.]

**STANDARD**

As part of its authority to exercise control over a class action, this Court has broad, although not unlimited, discretion to issue orders addressing the conduct of the counsel and the parties in this case.  See Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981).

> Federal Rule of Civil Procedure 23(a)(4) requires that representative parties in a class action "will fairly and adequately protect the interests of the class."  **Courts have the inherent power to replace class representatives.**  See, e.g., Robichaud v. Speedy PC Software, No. C 12 04730 LB, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013) (noting that when a representative plaintiff cannot serve as the class representative "for a reason that does not affect the viability of the class claims, courts regularly allow or order the plaintiffs' counsel to substitute a new representative plaintiff" and collecting cases); Bogner v. Masari Investments, LLC, 257 F.R.D. 529, 533 n.1 (D. Ariz. 2009) ("[I]f Plaintiffs prove to be incapable of representing the class effectively, the Court has power to replace them."); see also U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 416 n.8, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980) (Powell, J., dissenting) (noting that a court "can re-examine [a class representative's] ability to represent the interests of class members [and s]hould it be found wanting, the court may seek a substitute

---

[1] Zyda's hui is a group of approximately 100 Resort homeowners whom he refers to as his "supporters."  [Mem. in Supp. of Motion at 4 & n.3.]  The parties dispute whether all persons in that group agree with, and support, all of Zyda's positions in this case.

4

representative or even decertify the class"
(citing, e.g., Fed. R. Civ. P. 23(c)(1),
(d))). . . .

Nunez v. BAE Sys. San Diego Ship Repair Inc., 292 F. Supp. 3d 1018, 1059 (S.D. Cal. 2017) (alterations in Nunez) (emphasis added).

## **DISCUSSION**

This Court has carefully considered all of the parties' submissions related to the Motion, but does not find that Zyda's conduct related to this case warrants his removal as a Class representative. That being said, all parties and counsel are reminded of the following:

> (a) Aloha Spirit" is the coordination of mind and heart within each person. It brings each person to the self. Each person must think and emote good feelings to others. In the contemplation and presence of the life force, "Aloha", the following unuhi laula loa may be used:
>
> "Akahai", meaning kindness to be expressed with tenderness;
>
> "Lokahi", meaning unity, to be expressed with harmony;
>
> "Oluolu", meaning agreeable, to be expressed with pleasantness;
>
> "Haahaa", meaning humility, to be expressed with modesty;
>
> "Ahonui", meaning patience, to be expressed with perseverance.
>
> These are traits of character that express the charm, warmth and sincerity of Hawaii's people.

5

> It was the working philosophy of native Hawaiians and was presented as a gift to the people of Hawaii. "Aloha" is more than a word of greeting or farewell or a salutation. "Aloha" means mutual regard and affection and extends warmth in caring with no obligation in return. "Aloha" is the essence of relationships in which each person is important to every other person for collective existence. "Aloha" means to hear what is not said, to see what cannot be seen and to know the unknowable.
>
> (b) In exercising their power on behalf of the people and in fulfillment of their responsibilities, obligations and service to the people, the legislature, governor, lieutenant governor, executive officers of each department, the chief justice, associate justices, and judges of the appellate, circuit, and district courts may contemplate and reside with the life force and give consideration to the "Aloha Spirit".

Haw. Rev. Stat. Ann. § 5-7.5. "Giv[ing] consideration to the 'Aloha Spirit'" does not mean that conflicts and disputes will not arise, nor does it mean that a party must abandon his or her firmly-held beliefs. Instead, the Aloha Spirit guides the manner in which conflicts and disputes are resolved.

Although the judges of the United States District Court for the District of Hawai`i are not listed in § 5-7.5(b), this Court, as part of the Hawai`i judicial community, also "give[s] consideration to the 'Aloha Spirit'." Further, this Court expects counsel appearing before it to do the same and to impress upon their clients the importance of conducting the litigation in a manner consistent with the "Aloha Spirit." Being a zealous advocate for a client does not require counsel

6

to abandon the "Aloha Spirit."  Cf. Preamble to Haw. R. Prof'l Conduct § 1 ("A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system, and a public citizen having special responsibility for the quality of justice."); id. § 8 ("A lawyer's responsibilities as a representative of clients, an officer of the legal system, and a public citizen are usually harmonious.  Thus, when an opposing party is well represented, a lawyer can be a zealous advocate on behalf of a client and at the same time assume that justice is being done.").[2]

As noted *supra*, a class representative must "**fairly** and adequately protect the interests of the class." Rule 23(a)(4) (emphasis added).  Although this Court has found that Zyda's conduct in the course of this litigation does not require his removal as a Class representative at this time, Zyda is CAUTIONED that, if he continues to engage in the type of conduct described in the Motion, that analysis may change.  Such conduct, if it continues after the instant Order, may warrant sanctions when it is viewed in the context of the case as a whole and in light of the admonition in this Order.  At a

---

[2] Local Rule 83.3 states that: "Every member of the bar of this court and any attorney permitted to practice in this court pursuant to LR83.1(d) or (e) shall be governed by and shall observe the standards of professional and ethical conduct required of members of the Hawaii State Bar."

7

minimum, this Court will issue an order to show cause, requiring Zyda to appear in person before this Court to explain his actions.  The potential sanctions may ultimately include removing Zyda as a Class representative and requiring Plaintiffs to identify a new representative, who must also meet the requirements of Rule 23(a)(4).

Meyer is still listed as a plaintiff in this action and Intervenors argue that she could continue to serve as the Class representative if Zyda were removed.  However, Plaintiffs have represented that Meyer was only named for purposes of the claim under the Condominium Property Act, Haw. Rev. Stat. Chapter 514B ("Count I"), and her participation is no longer required in light of the disposition of Count I.[3]  See Motion for Approval of Class Notice, Class Notice Procedure, and Leave to File Third Amended Complaint, filed 5/20/19 (dkt. no. 181), Decl. of Kyle Smith, Esq., Exh. 3 (proposed third amended complaint, listing Zyda as the only plaintiff).  Thus, if Zyda were to be removed as the Class representative, a new representative – who has not previously participated in the case as a named plaintiff – would have to be identified.  The

---

[3] On March 7, 2019, this Court issued an order granting summary judgment in favor of Defendants as to Meyer's claim in Count I and decertifying the Class as to Count I.  [Dkt. no. 152.]

identification of such a person would likely delay the trial in this case, which is currently scheduled to begin on September 3, 2019.  Zyda is therefore encouraged to conduct himself in an appropriate manner so as to avoid such a delay.

## CONCLUSION

On the basis of the foregoing, Intervenors' Motion to Remove Christopher Zyda as Class Representative, or in the Alternative, to Prohibit Mr. Zyda from Encouraging Other Class Members to Personally Harass Intervenors, filed February 28, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 4, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER ZYDA, ET AL. VS. FOUR SEASONS HOTELS & RESORTS, ET AL; CV 16-00591 LEK-KSC; ORDER DENYING INTERVENORS' MOTION TO REMOVE CHRISTOPHER ZYDA AS CLASS REPRESENTATIVE, OR IN THE ALTERNATIVE, TO PROHIBIT MR. ZYDA FROM ENCOURAGING OTHER CLASS MEMBERS TO PERSONALLY HARASS INTERVENORS**