UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER ZYDA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiffs,<br><br>    vs.<br><br>FOUR SEASONS HOTELS AND RESORTS, FOUR SEASONS HOLDINGS, INC., FOUR SEASONS HUALALAI RESORT, HUALALAI RESIDENTIAL, LLC, (DBA HUALALAI REALTY);  HUALALAI INVESTORS, LLC,  KAUPULEHU MAKAI VENTURE,  HUALALAI DEVELOPMENT COMPANY,  HUALALAI VILLAS & HOMES,  HUALALAI INVESTORS, LLC, HUALALAI RENTAL MANAGEMENT, LLC, DOES 1-100,<br><br>            Defendants. | CIV. NO. 16-00591 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT, FOR DAMAGES AND DECLARATORY RELIEF, FILED JUNE 14, 2019 [DKT. 203]**

On June 26, 2019, Defendants Hualalai Investors, LLC; Hualalai Residential, LLC; Hualalai Rental Management, LLC; Four Seasons Hotels Limited; and Four Seasons Holdings, Inc. ("Defendants") filed their Motion to Dismiss Third Amended Complaint, for Damages and Declaratory Relief, Filed June 14, 2019 [Dkt. 203] ("Motion"). [Dkt. no. 209.] Pursuant to this Court's order, Defendants filed a supplemental memorandum on July 12, 2019. [Dkt. nos. 213 (entering order), 218.]

Plaintiff Christopher Zyda ("Zyda"), on behalf of himself and all others similarly situated (collectively "Class"), filed his memorandum in opposition on July 26, 2019. [Dkt. no. 223.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Defendants' Motion is granted as to the request for punitive damages, and the Motion is denied in all other respects.

**BACKGROUND**

The relevant factual background of this case is set forth in the Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment, filed on June 24, 2019 ("6/24/19 Order"). [Dkt. no. 207.[1]] The operative pleading when Defendants filed their Motion for Partial Summary Judgment ("Summary Judgment Motion") on April 3, 2019 was the Second Amended Class Action Complaint for Damages, Declaratory, and Injunctive Relief ("Second Amended Complaint"), filed on April 30, 2018. [Dkt. nos. 89 (Second Amended Complaint), 155 (6/24/19 Order).] However, while the Summary Judgment Motion was pending, the parties stipulated to allow the filing of the Third Amended Class Action Complaint for Damages and Declaratory

---

[1] The 6/24/19 Order is also available at 2019 WL 2583479.

Relief ("Third Amended Complaint"). [Third Amended Complaint, filed 6/14/19 (dkt. no. 203); stipulation & order, filed 6/14/19 (dkt. no. 204) ("6/14/19 Stipulation & Order").] The parties stipulated that the Summary Judgment Motion applied to the Third Amended Complaint "since it is not materially different from the Second Amended Complaint for purpose of the motion." [6/14/19 Stipulation & Order at ¶ 3.]

Summary judgment was granted as to Count IV (promissory estoppel/detrimental reliance), Count V (violation of the duty of good faith and fair dealing), Count VI (negligent misrepresentation), Count VII (estoppel), and Count VIII (unjust enrichment). The Summary Judgment Motion was denied as to the portion of Count III alleging an unfair or deceptive acts or practices ("UDAP") claim. 6/24/19 Order, 2019 WL 2583479, at *1, *8.[2] Defendants did not move for summary judgment as to the portion of Count III alleging an unfair methods of competition ("UMOC") claim. Id. at *2. Thus, the only claims remaining in the Third Amended Complaint are the UDAP claim and the UMOC claim, both of which are brought pursuant to Haw. Rev. Stat. Chapter 480.

---

[2] The Third Amended Complaint identifies, but does not reallege, Counts I, II, IX, and X because they were previously disposed of. See 6/24/19 Order, 2019 WL 2583479, at *1 n.2.

3

In the instant Motion, Defendants seek the dismissal of: 1) the Class's prayer for disgorgement, punitive damages, and rescission; and 2) Zyda's UDAP claim.

**DISCUSSION**

By the time Defendants filed the instant Motion, the dispositive motions deadline had passed. See Rule 16 Scheduling Order, filed 4/11/18 (dkt. no. 84), at ¶ 7 (stating the deadline was 4/3/19). Thus, before the merits of the Motion can be considered, Defendants must establish good cause to amend the scheduling order. See Fed. R. Civ. P. 16(b)(4). This district court has stated:

> The Rule 16(b) good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The pretrial schedule may be modified if the deadline could not have been reasonably met despite the diligence of the party seeking the extension. Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotation marks and citations omitted).
>
> . . . .
>
> . . . Rule 16 is designed to prevent parties from benefitting from carelessness, unreasonability, or gamesmanship. In re Cathode Ray Tube Antitrust Litigation, 2014 WL 4954634, *2 (N.D. Cal. Oct. 1, 2014) (citing Orozco v. Midland Credit Mgmt. Inc., 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)). . . .
>
> Diligence of the party seeking amendment is the critical issue in the good cause determination. The diligence required for a showing of good cause has two parts:

>      (1) diligence in discovering the basis for amendment; and,
>
>      (2) diligence in seeking amendment once the basis for amendment has been discovered.
>
> Positive Techs., Inc. v. Sony Elecs., Inc., 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).

Rigsbee v. City & Cty. of Honolulu, Civ. No. 17-00532 HG-RT, 2019 WL 984276, at *3-4 (D. Hawai`i Feb. 28, 2019).

Defendants argue good cause exists, in light of the filing of the Third Amended Complaint and the 6/24/19 Order after the dispositive motions deadline. However, Defendants stipulated to allow the filing of the Third Amended Complaint, and they stipulated that there was no material difference between the Second Amended Complaint and the Third Amended Complaint, for purposes of the Summary Judgment Motion. [6/14/19 Stipulation & Order at ¶ 3.] Nothing in the parties' stipulation indicated Defendants intended to file a motion to dismiss. Moreover, the parties did not request, and this Court did not approve, the reopening of the dispositive motions deadline in light of the filing of the Third Amended Complaint.

The argument that the Class is not entitled to the remedies of disgorgement, punitive damages, and rescission could have been raised in the Summary Judgment Motion. The instant Motion asserts those remedies are no longer available because only Chapter 480 claims remain. In the Summary Judgment Motion,

5

Defendants sought summary judgment as to all claims, except for the UMOC claim. 6/24/19 Order, 2019 WL 2583479, at *2. Thus, if the Summary Judgment Motion had been granted in its entirety, only a Chapter 480 claim would have remained. Defendants could have argued in the Summary Judgment Motion that they were entitled to summary judgment as to the requests for disgorgement, punitive damages, and rescission. Defendants have therefore failed to establish good cause to raise the first argument in the instant Motion after the dispositive motions deadline.

This Court also rejects the Motion's good cause argument as to the requested dismissal of Zyda's UDAP claim. Although Kaupulehu Makai Venture ("KMV"), the entity that Zyda purchased his lot from, was removed as a defendant in the Third Amended Complaint, Zyda's UDAP claim is not based only upon conduct associated with the purchase of his lot. See 6/24/19 Order, 2019 WL 2583479, at *2-5 (discussing the UDAP claim). Further, the Third Amended Complaint alleges Defendants are liable both as the current owners and developers of the Hualalai Resort ("Resort") and as the successors in interest to prior owners and developers. See Third Amended Complaint at ¶ 3. Thus, the filing of the Third Amended Complaint does not constitute good cause to seek the dismissal of Zyda's UDAP claim. Further, to the extent Defendants now contend KMV's

6

presence in this action is necessary to litigate Zyda's UDAP claim, Defendants could have raised that argument prior to the instant Motion because KMV has not appeared in this action, nor is there any indication that KMV has been served. Defendants have therefore failed to establish good cause to raise the second argument in the Motion after the dispositive motions deadline.

Because Defendants have failed to establish good cause to amend the operative scheduling order, this Court declines to address the merits of the Motion. However, in light of Zyda's concession that punitive damages are not available as to the remaining claims, [Mem. in opp. at 9,] the Motion is granted as to the request for punitive damages. See Zanakis-Pico v. Cutter Dodge, Inc., 98 Hawai`i 309, 319, 47 P.3d 1222, 1232 (2002) ("[Haw. Rev. Stat.] § 480-13(b) enumerates the specific damages that a consumer may recover under the chapter — the greater of $1,000.00 or treble damages — and makes no provision for punitive damages." (citations omitted)). The Motion is denied in all other respects.[3]

---

[3] Any further limitations on the remedies available to Zyda and the Class can be addressed through other means besides dismissal. These include, but are not limited to, motions in limine, jury instructions, and the special jury verdict form.

**CONCLUSION**

On the basis of the foregoing, Defendants' June 26, 2019 Motion to Dismiss Third Amended Complaint, for Damages and Declaratory Relief, Filed June 14, 2019 [Dkt. 203], is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as the Third Amended Complaint's request for punitive damages is dismissed, and the Motion is DENIED in all other respects.  Defendants are ORDERED to file their answer to the Third Amended Complaint by **August 20, 2019**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 8, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER ZYDA VS. FOUR SEASONS HOTELS LTD., ET AL; CV 16-00591 LEK-RTM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT, FOR DAMAGES AND DECLARATORY RELIEF, FILED JUNE 14, 2019 [DKT. 203]**